[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks a dissolution of his twenty-four year marriage to the defendant. At the commencement of trial, the defendant filed, without objection, a cross complaint seeking a dissolution, alimony, and other equitable orders.
The court has jurisdiction in that both parties resided in Connecticut continuously for at least one year immediately prior CT Page 2997 to the commencement of this action.
The parties were married at Meriden, Connecticut on October 22, 1966. They are the parents of three children, all of whom have reached the age of majority.
The marriage has broken down irretrievably and there is no prospect of reconciliation.
A decree of dissolution of the marriage shall enter. As to the issue of alimony and division of property, the court has weighed the evidence and has considered the factors set forth in46b-81 (c) and 46b-82 C.G.S. Except for some very brief periods when she performed unskilled part-time work, the defendant has been a homemaker and has been engaged in raising the parties' children throughout the marriage. The evidence did not reveal that she had any skills or training as an aid to entering the job market, and she is suffering considerable emotional reaction as a result of the unexpected institution of this action and the disruption it presents to the life she has lived for twenty-four years.
1. Until such time as the jointly held marital residence at 276 Clinton Avenue, New Haven is sold, plaintiff may continue to occupy the third floor apartment and the defendant may continue to occupy the first floor apartment. Until the property is sold, the plaintiff shall pay the mortgage, taxes, and maintenance and heating costs for the property and the parties shall divide equally all rents received as to the second floor apartment.
2. The premises shall be sold upon the receipt of an offer to purchase within ten percent of the present listing price or at such a price as is mutually consented to by the parties. The net proceeds of sale after payment of mortgage, indebtedness and costs of sale shall be divided equally between the parties. The defendant's share shall be reduced by half the monthly mortgage and property tax payments made by the plaintiff from the date of this judgment until the house is sold.
3. The personal property of the parties shall be divided equally between them except for the following orders as to specific items:
The 1972 Plymouth, the pick-up truck and the motorcycle shall be the property of the plaintiff.
The 1983 Oldsmobile and the 1979 Chevrolet shall be the property of the defendant and the plaintiff shall make all remaining payments on the purchase loan as to each vehicle.
4. The parties shall divide equally the tax refund check in the CT Page 2998 amount of $1,736.00.
5. The plaintiff shall pay the wife alimony in the amount of $100.00 per week until such time as the house is sold. After the sale, the alimony shall be $50.00 per week. Alimony shall be subject to a contingent wage execution.
6. The plaintiff shall notify the defendant in writing within seven days of any increase in weekly income of more than $10.00. The defendant shall notify the plaintiff in writing within seven days of receipt of weekly income from wages (net of withholding and social security deductions) in an amount of more than $220.00 per week.
7. The plaintiff shall pay the defendant's counsel fees to the extent of $800.00 by November 1, 1990. The parties shall be responsible for their own counsel fees except for this partial contribution by the plaintiff to the defendant's counsel fees.
BEVERLY J. HODGSON, JUDGE